UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62629-BLOOM/Valle

ADIDAS AG, *et al.*,

    Plaintiffs,

v.

SPORT JERSEY SHOPS, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiffs'[1] Motion for Entry of Final Default Judgment Against Defendants,[2] ECF No. [32] ("Motion"). A Clerk's Default, ECF No. [29], was entered against Defendants on December 26, 2018, as Defendants failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. *See* ECF No. [21]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiffs Motion is **GRANTED**.

### I. Introduction

Plaintiffs sued Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common-law unfair competition; and common-law trademark infringement. The Complaint alleges that Defendants are promoting, advertising, distributing, offering for sale and selling goods bearing counterfeits and confusingly similar imitations of

---

[1] Plaintiffs are adidas AG, adidas International Marketing B.V., and adidas America, Inc.

[2] Defendants are the individuals, partnerships, business entities, and unincorporated associations identified on Schedule "A" of Plaintiffs' Motion, and Schedule "A" of this Order. *See* ECF No. [32] at 17-21.

Plaintiffs' registered trademarks within the Southern District of Florida by operating Internet based e-commerce stores via the Internet marketplace websites, Amazon.com, Bonanza.com, eBay.com, iOffer.com, and Wish.com, using their seller identification names identified on Schedule "A" attached to Plaintiffs' Motion for Entry of Final Default Judgment (the "Seller IDs"). *See* ECF No. [32] at 17-21.

Plaintiffs further assert that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiffs because Defendants have (1) deprived Plaintiffs of their right to determine the manner in which their trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are goods authorized by Plaintiffs; (3) deceived the public as to Plaintiffs' association with Defendants' goods and the websites that market and sell the goods; and (4) wrongfully traded and capitalized on Plaintiffs' reputation and goodwill, as well as the commercial value of Plaintiffs' trademarks.

In their Motion, Plaintiffs seek the entry of default final judgment against Defendants in an action alleging trademark counterfeiting and infringement, false designation of origin, common-law unfair competition, and common-law trademark infringement. Plaintiffs further request that the Court (1) enjoin Defendants from producing or selling goods that infringe their trademarks; (2) disable and/or cease facilitating access to the seller identification names being used and/or controlled by Defendants; (3) remove the listings and associated images of goods bearing Plaintiffs' trademarks via the Seller IDs, and (5) award statutory damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu*

*Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default. . ."). Upon review of Plaintiffs' submissions, it appears there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiffs.

## II. Factual Background[3]

Plaintiffs are the owners of the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "adidas Marks")

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ADIDAS | 0,891,222 | May 19, 1970 | IC25. sport shoes namely, track and field shoes, baseball, boxing, football, skating, golf, and soccer shoes; sportswear namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes namely, track and field training shoes, basketball shoes, and tennis shoes. |
| adidas | 1,050,759 | October 19, 1976 | IC 028. Balls of every kind. |
| adidas | 1,300,627 | October 16, 1984 | IC 025. Sportswear-Namely, Suits, Shorts, Pants, Tights, Shirts, Jerseys, Socks, Gloves, Jackets, Coats, Swimwear, Sweaters, Caps, Pullovers, Warm-Up Suits, Boots, Shoes, Slippers. |
| CLIMALITE | 1,809,301 | December 7, 1993 | IC 025. Shirts. |

---

[3] The factual background is taken from Plaintiffs' Complaint, ECF No. [1], Plaintiffs' Motion, ECF No. [32], and supporting evidentiary submissions.

| | | | |
|---|---|---|---|
| (shorts image) | 2,278,591 | September 21, 1999 | IC 25. sports and leisure wear, namely, shorts. |
| (adidas logo) | 2,411,802 | December 12, 2000 | IC 018. All purpose sport bags, athletic bags, traveling bags, backpacks, knapsacks. <br><br> IC 025. Sports and leisure wear, namely, shorts, pants, shirts, T-shirts, jerseys, socks, gloves, jackets, swimwear, caps and hats, pullovers, sweat-shirts, sweat suits, track suits, warm-up suits; boots, sandals, specific purpose athletic shoes and general all purpose sports shoes. <br><br> IC 028. Sports balls and playground balls; guards for athletic use, namely, shin guards, knee guards and leg guards. |
| CLIMACOOL | 2,651,581 | November 19, 2002 | IC 025. Clothing, namely, footwear, sport shoes, headwear, shirts, T-shirts, jerseys, underwear, swimwear, shorts, pants, skirts, sweaters, caps, hats, visors, warm up suits, rain suits, ski suits, jumpsuits, boots, sandals, sweat shirts, jackets, uniforms, wrist bands and head bands, gloves and socks. |
| adidas | 3,255,820 | June 26, 2007 | IC 018. Bags for general and sport use, namely, handbags, tote bags, waist packs, overnight bags, gym bags, duffel bags, backpacks, knapsacks, beach bags, trunks, suitcases and travelling bags, wallets, briefcases, key cases, purses, parasols and umbrellas |
| TELSTAR | 3,508,598 | September 30, 2008 | IC 028. Soccer balls. |
| CLIMACHILL | 4,585,788 | August 12, 2014 | IC 025.Footwear; apparel, namely, shirts, tops, shorts |
| adidas | 4,679,762 | January 27, 2015 | IC 009. Mobile phone covers; laptop covers and sleeves; protective covers and sleeves for tablet computer. |

*See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 4-5; ECF No. [1-2] (containing Certificates of Registrations for the adidas Marks at issue). The adidas Marks are used in

connection with the manufacture and distribution of quality goods in the categories identified above. *See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 5.

Defendants, by operating Internet based e-commerce stores via the Internet marketplace websites, Amazon.com, Bonanza.com, eBay.com, iOffer.com, and Wish.com, using their Seller IDs, have advertised, promoted, offered for sale, or sold goods bearing what Plaintiffs have determined to be counterfeits, infringements, reproductions, or colorable imitations of the adidas Marks. *See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 13, 15-17. Although each Defendant may not copy and infringe each of Plaintiffs' Marks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of Plaintiffs' Marks. *See* Mia Nidia Gutierrez, ECF No. [5-1] at 23-25. Although each Defendant may not copy and infringe each adidas Mark for each category of goods protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the adidas Marks. *See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 15-17. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the adidas Marks. *See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 9.

Plaintiffs' counsel retained Invisible Inc, a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing adidas branded products by Defendants. *See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 13; Declaration of Kathleen Burns, ECF No. [6-3] at 3; Declaration of Virgilio Gigante, ECF No. [6-6] at 2. Through Amazon.com, Bonanza.com, eBay.com, iOffer.com, and Wish.com, Invisible Inc accessed all of the Internet based e-commerce stores operating under Defendants' Seller IDs, and finalized the purchase of a product bearing counterfeits of, at least, one of the adidas Marks at

issue, via each Seller ID, and requested each product to be shipped to Invisible Inc's address in the Southern District of Florida. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4. Following submission of the orders, Invisible Inc finalized payment for each of the products ordered from Defendants via Amazon Payments, Inc.[4] or PayPal to Defendants' respective PayPal accounts and/or via Defendants' respective payee,[5] as identified on Schedule "A" hereto.[6] At the conclusion of the process, the detailed web page captures and photographs reflecting the adidas branded products offered for sale and purchased by Invisible Inc via Defendants' Seller IDs were sent to Plaintiffs' representative for review. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4; Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 15; Declaration of Virgilio Gigante, ECF No. [6-6] at 2.

Plaintiffs' representative conducted a review and visually inspected the detailed web pages and images produced by Invisible Inc, reflecting the various products offered for sale and sold bearing the adidas Marks by Defendants via the Seller IDs, and determined the products were non-genuine, unauthorized versions of Plaintiffs' goods. *See* Declaration of Mia Nidia Gutierrez, ECF No. [6-2] at 15-17.

---

[4] Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon.com's payment processing and retention service, Amazon Payments, Inc. As such, payment information for the Defendants operating via Amazon.com is not publicly disclosed. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4, n.2; Declaration of Virgilio Gigante, ECF No. [6-6] at 4.

[5] "PayPal * Wish" was identified as the payee for each of Invisible Inc's orders from certain Defendants' Seller IDs. "WISH (ContextLogic Inc.)" is the named PayPal recipient for individual transactions conducted with sellers through Wish.com. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4, n.3.

[6] Additional contact e-mail addresses provided by Defendants 41 and 83 are also identified on Schedule "A" hereto. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4, n.4.

### III. Analysis

#### A. Claims

##### *1. Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiffs must demonstrate that (1) they had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiffs' trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

##### *2. False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)*

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiffs. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the

similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992).

### 3. Common-Law Unfair Competition and Trademark Infringement (Counts III and IV)

Whether a defendant's use of a plaintiffs' trademarks created a likelihood of confusion between the plaintiffs' and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-8381-Civ-Paine, 986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)"."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

### B. Liability

The well-pled factual allegations of Plaintiffs' Complaint properly allege the elements for each of the claims described above. *See* ECF No. [1]. Moreover, the factual allegations in Plaintiffs' Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiffs are entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the

continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiffs' Complaint alleges that Defendants' unlawful actions have caused Plaintiffs irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. [1]. Further, the Complaint alleges, and the submissions by Plaintiffs show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiffs' genuine products and that consumers viewing Defendants' counterfeit goods post-sale would actually confuse them for Plaintiffs' genuine products. *See id*. "The net effect of Defendants' actions will cause confusion of consumers . . . who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Plaintiffs." *See* ECF No. [1] at 27.

Plaintiffs have no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiffs cannot control the quality of what appears to be their products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiffs' reputations and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiffs face hardship from loss of sales and their inability to control their reputations in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiffs' trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing

activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based counterfeiting scheme in which they are profiting from their deliberate misappropriation of Plaintiffs' rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by requiring their Seller IDs be disabled and their listings and associated images be removed to further prevent the use of these instrumentalities of infringement.

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiffs have elected to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to determine the amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite

a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, 2014 WL 1652044, at *7 (S.D. Fla. April 23, 2014) (*citing Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.,* S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Complaint, which are taken as true, clearly establish Defendants intentionally copied one or more of Plaintiffs' Marks for the purpose of deriving the benefit of Plaintiffs' world-famous reputation. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold goods bearing marks which were in fact counterfeits of at least one of Plaintiffs' Marks. *See* ECF No. [1]. Based on the above considerations, Plaintiffs suggest the Court award statutory damages of $1,000,000.00 against each Defendant. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiffs' trademarks, compensate Plaintiffs, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

### E. Damages for False Designation of Origin

Plaintiffs' Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count II). *See* 15 U.S.C. § 1125(a). As to Count II, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count II is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### F. Damages for Common Law Unfair Competition and Trademark Infringement

Plaintiffs' Complaint further sets forth a cause of action under Florida's common law of unfair competition (Count III) and trademark infringement (Count IV). Judgment on Count III

and Count IV are also limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [32]**, is **GRANTED** against those Defendants listed in the attached Schedule "A." Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of January, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER, SELLER ID, STORE URL,**
**PAYMENT ACCOUNT AND ADDITIONAL E-MAIL ADDRESS**

| Defendant Number | Defendant / Seller ID | Seller ID / Store URL | Additional E-mail | PayPal Account / Payee |
|---|---|---|---|---|
| 1 | SPORT JERSEY SHOPS | ARWMZDGF8JQF1 | | |
| 2 | GFJ5HL51-H | A1PEPR4TRX2Z3J | | |
| 3 | heluqu | A1H89P6QQHGN9F | | |
| 4 | henry kevin | AYL80TS1CXM5Z | | |
| 5 | hucunse | A2V480RXBDFEXX | | |
| 6 | smartdraftusa | A1LK8KAMV9W7CF | | |
| 7 | ZAP_BHAVYA | A3OTPI5J3O3AIY | | |
| 9 | kirkw9375 a/k/a Discount Jerseys | | | courtwim81@gmail.com |
| 10 | Mrspring | | | Jonathanooper@gmail.com |
| 11 | newshop99 | | | huongktqd8@gmail.com |
| 12 | peteradam | | | peteradam239@gmail.com |
| 13 | ShopT2 a/k/a Tina | | | Tinashop1213@gmail.com |
| 14 | yaligo | | | xiaoxiujin001@hotmail.com |
| 15 | yd001 | | | linyuandong001@hotmail.com |
| 16 | 90changyi | | | jtxiaowangzi@163.com |
| 17 | ailiam_0 | | | caiyuanhengtong@outlook.com |
| 18 | alex84000 | | | monsieur.bakhouche@gmail.com |
| 19 | beautifulhouse2017 | | | 18924237935@163.com |
| 21 | bestshop0202 | | | trinhkimtuan1@gmail.com |
| 22 | chengchuangdianqi | | | glamour99@yeah.net |
| 24 | emillysky25 | | | faty3fati@gmail.com |
| 25 | evnyy2018 | | | yanxia99526@163.com |
| 26 | feng6896-0 | | | fengah66@126.com |
| 27 | gffg2018 | | | lihaohao1952@126.com |
| 28 | gz2625112666 | | | aaqqmg22@163.com |
| 29 | ha_7212276 | | | vfdbv56@163.com |
| 30 | huanbina0 | | | 530527713@qq.com |
| 32 | jadeasp | | | jadeaspp@gmail.com |
| 33 | land_of_smile | | | krufah_garden@hotmail.com |
| 35 | leopard_chong | | | wish_manager@yeah.net |
| 35 | leopard_wu | | | wish_manager@yeah.net |
| 36 | liyali1987 | | | liyali19870528@126.com |

| | | | | |
|---|---|---|---|---|
| 37 | mdeals109 | | | med.eche2008@gmail.com |
| 38 | mdfh4756 | | | mfh4756@gmail.com |
| 39 | mehdamarni-0 | | | amarnismehdi@gmail.com |
| 40 | omama-88 | | | khaldounyassin44@gmail.com |
| 41 | pakkitop | | 328956747@qq.com | pakkitop123@gmail.com |
| 43 | peshpashi | | | bouasba.mohcine@gmail.com |
| 44 | quick_ship_store | | | omarannour@gmail.com |
| 45 | reallykim018_4 | | | reallykim018@hotmail.com |
| 46 | shoponline2603 | | | tien1963nguyen@gmail.com |
| 47 | shopsafely2018 | | | muchcollection@gmail.com |
| 48 | smartshop-18 | | | abdesalimi25@gmail.com |
| 49 | stylish-store1 | | | ismailessoudaigui@gmail.com |
| 50 | thanhnt-store | | | thanhnt.hana@gmail.com |
| 51 | thebigstore17 | | | m.pro1709@gmail.com |
| 52 | themkstore8 | | | themksdev@gmail.com |
| 53 | vanvauiv | | | xlivf206@126.com |
| 55 | yhon_95 | | | maryhong502264@hotmail.com |
| 56 | youelha15 | | | younessyeh2@gmail.com |
| 57 | youyijiaqq | | | dtmlvq011@126.com |
| 58 | 521lulu | | | 1802198820@qq.com |
| 59 | AAA Top Thailand Quality Jerseys | https://www.wish.com/merchant/58eb49708dcab81049d1138a | | PayPal * Wish |
| 60 | amuybeen | https://www.wish.com/merchant/5a17698b9d0a7b16d4310c6a | | PayPal * Wish |
| 61 | Angel Lover 2099 | https://www.wish.com/merchant/58ca533784789e507ae56125 | | PayPal * Wish |
| 62 | chenshimei fashion | https://www.wish.com/merchant/541fb9529719cd3d428a4d11 | | PayPal * Wish |
| 63 | Clouds shipping | https://www.wish.com/merchant/587f22c97f83404d56fe517a | | PayPal * Wish |
| 64 | clovoices | https://www.wish.com/merchant/5ab663f09bda4e36358cd4a2 | | PayPal * Wish |

| # | Name | URL | | Payment |
|---|------|-----|---|---------|
| 65 | ehappy company | https://www.wish.com/merchant/58171a4af1415c1994833675 | | PayPal * Wish |
| 66 | Gorgeous Goods | https://www.wish.com/merchant/58d37c592b0fbc56889d24a3 | | PayPal * Wish |
| 67 | huangfei | https://www.wish.com/merchant/559b8cffbe789b74f53eb798 | | PayPal * Wish |
| 68 | huliming | https://www.wish.com/merchant/55ab98750be09e52532ce662 | | PayPal * Wish |
| 69 | I Love My Fashion | https://www.wish.com/merchant/5922db2471a2f20775f9ed72 | | PayPal * Wish |
| 70 | I Love World Cup | https://www.wish.com/merchant/5922b596980a34463ad59db8 | | PayPal * Wish |
| 71 | Lucky666666 | https://www.wish.com/merchant/5aa20cdd2fbbdc2775750add | | PayPal * Wish |
| 72 | luoxuejia | https://www.wish.com/merchant/564c3d4b3c9cfb12afbfe5d4 | | PayPal * Wish |
| 73 | menghuanxiyou | https://www.wish.com/merchant/58beb68fa6389c52ab9d4b62 | | PayPal * Wish |
| 74 | MY fashion line | https://www.wish.com/merchant/59108c2771a2f20b9bb11b6f | | PayPal * Wish |
| 75 | MySoccerJersey | https://www.wish.com/merchant/5a545e3efd9db81496be895e | | PayPal * Wish |
| 76 | Our fashion family | https://www.wish.com/merchant/591d4f0e2a87415effbd29c3 | | PayPal * Wish |

| | | | | |
|---|---|---|---|---|
| 77 | qiuyitianxia | https://www.wish.com/merchant/59e2f3fd0f193f3cb5dd388c | | PayPal * Wish |
| 78 | Rugby | https://www.wish.com/merchant/59784fd3d9d6a419de8fcc87 | | PayPal * Wish |
| 79 | SH168 | https://www.wish.com/merchant/5681d7fc73c0e0298db8aaf8 | | PayPal * Wish |
| 80 | Shenzhen Goshawk Technology Co.,Ltd | https://www.wish.com/merchant/58cb6d3b2e26c45062c8acb9 | | PayPal * Wish |
| 81 | Sportswear club | https://www.wish.com/merchant/59660af4a26f6e1c0f94b357 | | PayPal * Wish |
| 82 | superhao | https://www.wish.com/merchant/58c7ccaa584e5c505febf1ec | | PayPal * Wish |
| 83 | Top Thailand Quality Jerseys | https://www.wish.com/merchant/58e7bba12d91303f344ed57b | mingming0909@yeah.com | PayPal * Wish |
| 84 | uhhia55521 | https://www.wish.com/merchant/5b6011757f86da141f3d9195 | | PayPal * Wish |
| 85 | wanfen168 | https://www.wish.com/merchant/5a9cde202fbbdc5b65024316 | | PayPal * Wish |
| 86 | yinpeihua123 | https://www.wish.com/merchant/56f94a1e0893bb58851cf821 | | PayPal * Wish |
| 87 | ywgsyouth138 | https://www.wish.com/merchant/594a0af2b9ef52721fbf3e1f | | PayPal * Wish |